AO 243 (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Guam |
|---|---|---|

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| JAMES MICHAEL TOPASNA FEJERAN | 01069-093 | CR-95-00014 |

Place of Confinement

Federal Prison Camp, P.O. Box 6000, Sheridan, Oregon 97378

CV 04-00054

UNITED STATES OF AMERICA   V.   JAMES MICHAEL TOPASNA FEJERAN
(name under which convicted)

FILED
DISTRICT COURT OF GUAM
DEC 28 2004
MARY L.M. MORAN
CLERK OF COURT

## MOTION

1. Name and location of court which entered the judgment of conviction under attack

    United States District Court
    District Court of Guam
    Hagatna, Guam 96910

2. Date of judgment of conviction

    January 15, 1998

3. Length of sentence

    18 months

4. Nature of offense involved (all counts)

    21 U.S.C. § 952(a); Importation of Methamphetamine
    21 U.S.C. § 960; Importation of Methamphetamine

5. What was your plea? (Check one)
    (a) Not guilty ☐
    (b) Guilty ☒
    (c) Nolo contendere ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

    N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury ☐
    (b) Judge only ☐   N/A

7. Did you testify at the trial?
    Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
    Yes ☐   No ☒

(2)

9. If you did appeal, answer the following: **N/A**

   (a) Name of court

   (b) Result

   (c) Date of result

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court  **N/A**

        (2) Nature of proceeding

        (3) Grounds raised

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐   No ☐

        (5) Result

        (6) Date of result

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court  **N/A**

        (2) Name of proceeding

        (3) Grounds raised

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☐

**N/A**

    (5) Result

    (6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐    No ☐    **N/A**
    (2) Second petition, etc.    Yes ☐    No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

**N/A**

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    <u>CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **DEFENDANT IS CONVICTED OF AN OFFENSE WHICH IS NON-EXISTENT.**

Supporting FACTS (state *briefly* without citing cases or law):

**SEE SUBPARAGRAPH 4(b) OF THE PLEA AGREEMENT IN THIS PROCEEDING ON FEBRUARY 17, 1995. A TRUE COPY OF PAGES 2 AND 3 OF THE PLEA AGREEMENT ARE ATTACHED HERETO. ALSO BASED ON A RECENT RULING IN THE NINTH CIRCUIT COURT OF APPEALS IN <u>UNITED STATES v. CABACCANG, 332 F.3d 622</u>, THE COURT RULED THAT "BECAUSE THE TRANSPORT OF DRUGS ON A NONSTOP FLIGHT FROM CALIFORNIA TO GUAM <u>DOES NOT CONSTITUTE IMPORTATION WITHIN THE MEANING OF 21 U.S.C. § 952(a)</u>." [SEE ATTACHED PAGE]**

B. Ground two:

**N/A**

Supporting FACTS (state *briefly* without citing cases or law):

**N/A**

C. Ground three:

**N/A**

Supporting FACTS (state *briefly* without citing cases or law):

**N/A**

    D.  Ground four:                      N/A

        Supporting FACTS (state *briefly* without citing cases or law):

                        N/A

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

    **THE RECENT RULING IN <u>U.S. v. CABACCANG</u>, 332 F.3d 622, WAS NOT AVAILABLE AT THE TIME.**

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐    No ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing    N/A

    (b) At arraignment and plea    **ROBERT E. HARTSOCK, FEDERAL PUBLIC DEFENDER, DISTRICT OF GUAM, FIRST HAWAIIAN BANK BUILDING, 400 ROUTE 8, SUITE 310, MONGMONG, GUAM 96927**

    (c) At trial    N/A

    (d) At sentencing    [SAME AS ABOVE]

(e)  On appeal                    **N/A**

(f)  In any post-conviction proceeding           **N/A**

(g)  On appeal from any adverse ruling in a post-conviction proceeding

**N/A**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐    No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future:

   **N/A**

   (b) Give date and length of the above sentence:
   **N/A**

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐  No ☐          **N/A**

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

12-10-04
Date

_____
Signature of Movant

(7)

13. The ground listed in 12A was not previously presented, because at the time of the entry of the judgment, and for more than 10 days thereafter, that is to say, until June 6, 2003, the ground listed in 12A was foreclosed by circuit law in that it was the settled law of this circuit that all the government need show for a finding of importation is that the controlled substance entered the United States from international waters or airspace. (*United States v. Cabaccang*, 332 F.3d 622, 634 (9th Cir. 2003)(en banc), *clarified*, 341 F.3d 905 (9th Cir. 2003).) On June 6, 2003 (*Cabaccang*, 332 F.3d at 622 ("Filed June 6, 2003")), the court of appeals for this circuit changed the law by overruling the foregoing law of this circuit and holding that the transport of a controlled substance through international airspace on a flight from one United States location to another United States location does not constitute the offense of importing a controlled substance into the United States from a place outside thereof. (*Cabaccang*, 332 F.3d at 635 ("we hold that the transport of drugs through international airspace on a nonstop flight from one United States location to another does not constitute importation within the meaning of [21 U.S.C.] § 952(a)").)

jfejeran.ple

FREDERICK A. BLACK
United States Attorney
JOHN N. GLANG
Assistant U.S. Attorney
Suite 502-A, Pacific News Bldg.
238 Archbishop Flores Street
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
AGANA, GUAM

FEB 17 1995

MARY L. M. MORAN
Clerk Of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAMES MICHAEL TOPASNA FEJERAN, )<br>)<br>Defendant. )<br>_____) | CRIMINAL CASE NO. 95-00014<br><br><br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(e)(1)(B), the United States and the defendant, JAMES MICHAEL TOPASNA FEJERAN, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Indictment charging him with Importation of approximately 500.77 grams of crystal d-Methamphetamine, in violation of Title 21 U.S.C. § 952(a) and 960.

2. The defendant understands that the maximum sentence for Importation of approximately 500.77 grams of crystal d-Methamphetamine is incarceration for life (with a mandatory minimum term of ten (10) years incarceration) and a $4,000,000

fine. Any sentence imposed shall include a term of supervised release of at least five (5) years in addition to such terms of imprisonment, as well as such restitution as the court may order and a $50 special assessment fee. The $50 special assessment fee must be paid at the time of sentencing.

The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level, even though the counts underlying this conduct may be dismissed.

4. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

    a. The defendant was born on January 10, 1970 and is a citizen of the United States of America.

    b. On January 28, 1995, the defendant arrived at the Guam International Airport aboard a Continental Airlines flight from Los Angeles, California via Honolulu. While the defendant was attempting to proceed through the Airport Customs area,

Case 1:04-cv-00054    Document 1    Filed 12/28/2004    Page 9 of 17

customs officers searched the defendant's baggage and later his person.  Inside a soap box which was inside the defendant's baggage, officers located 1.81 grams of crystal d-Methamphetamine or "ice".  Inside an address book which was the defendant was holding in his hand, officers located 4.25 grams of "ice".  Inside several plastic bags which were strapped around the defendant's back underneath his shirt, officers located 494.71 grams of "ice". The total amount of "ice" seized from the defendant was therefore 500.77 grams.

5. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement.  Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives,

- 3 -

Case 1:04-cv-00054   Document 1   Filed 12/28/2004   Page 10 of 17

that is, gives up, the right to a trial;

    e. That, upon entry of a plea of guilty, or thereafter, the Court may ask his questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

    f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

    g. That, if necessary, he has had this agreement translated for him into his native language, and he fully understands it.

    h. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 2/17/95

JAMES MICHAEL TOPASNA FEJERAN
Defendant

DATED: 2/17/95

ROBERT E. HARTSOCK, ESQ.
Attorney for Defendant

FREDERICK A. BLACK
United States Attorney
District of Guam

DATED: 2/17/95

JOHN N. GLANG
Assistant U.S. Attorney

- 4 -

Case 1:04-cv-00054 Document 1 Filed 12/28/2004 Page 11 of 17

# United States District Court

## DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA
v.
JAMES MICHAEL TOPASNA FEJERAN

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: 1:95CR00014-001

ROBERT E. HARTSOCK
Defendant's Attorney

**FILED**
DISTRICT COURT OF GUAM

JAN - 1998 (?)

MARY L. M. MORAN
CLERK OF COURT

**THE DEFENDANT:**

[X] pleaded guilty to count(s)  1
[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 952(a) | IMPORTATION OF METHAMPHETAMINE | 01/28/1995 | 1 |
| 21 U.S.C. § 960 | IMPORTATION OF METHAMPHETAMINE | 01/28/1995 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____
[ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 01/10/1970
Defendant's USM No.: 01069-093
Defendant's Residence Address:
148 CARBULLIDO STREET
AGAT                     GU

Defendant's Mailing Address:
148 CARBULLIDO STREET
AGAT                     GU

01/05/1998
Date of Imposition of Judgment

Signature of Judicial Officer

JOHN S. UNPINGCO
U.S. DISTRICT COURT
Name & Title of Judicial Officer

JAN 04 1998
Date

DEFENDANT: JAMES MICHAEL TOPASNA FEJERAN
CASE NUMBER: 1:95CR00014-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 18 month(s)

DEFENDANT IS TO RECEIVE CREDIT FOR TIME SERVED - 79 DAYS.

[x] The court makes the following recommendations to the Bureau of Prisons:

DEFENDANT IS TO PARTICIPATE IN A COMPREHENSIVE DRUG TREATMENT PROGRAM APPROVED BY THE BUREAU OF PRISONS.

IT IS HIGHLY RECOMMENDED THAT THE DEFENDANT BE INCARCERATED AT A FACILITY IN LOMPOC, CALIFORNIA.

[ ] The defendant is remanded to the custody of the United States Marshal.

[x] The defendant shall surrender to the United States Marshal for this district:

[ ] at _____ a.m./p.m. on _____

[x] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[ ] before 2 p.m. on _____

[ ] as notified by the United States Marshal.

[ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT: JAMES MICHAEL TOPASNA FEJERAN
CASE NUMBER: 1:95CR00014-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of     5     year(s)

DEFENDANT SHALL PERFORM 200 HOURS OF COMMUNITY SERVICE AT THE DIRECTION OF THE U.S. PROBATION OFFICE.

DEFENDANT SHALL SEEK AND MAINTAIN GAINFUL EMPLOYMENT AND SUPPORT HIS DEPENDANTS.

   The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

   The defendant shall not commit another federal, state, or local crime.

   The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

   If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

   The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JAMES MICHAEL TOPASNA FEJERAN
CASE NUMBER: 1:95CR00014-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 50.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

Totals: $ _____ $ _____

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: JAMES MICHAEL TOPASNA FEJERAN
CASE NUMBER: 1:95CR00014-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A [X] in full immediately; or

B [ ] $ _____ immediately, balance due (in accordance with C, D, or E); or

C [ ] not later than _____ ; or

D [ ] in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E [ ] in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT: JAMES MICHAEL TOPASNA FEJERAN
CASE NUMBER: 1:95CR00014-001

# STATEMENT OF REASONS

[X] The court adopts the factual findings and guideline application in the presentence report.

OR

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 15

Criminal History Category: 1

Imprisonment Range: 18 TO 24 MONTHS

Supervised Release Range: THREE TO FIVE YEARS

Fine Range: $ 15,000.00 to $ 4,000,000.00

[X] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

[ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

OR

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

[X] The sentence departs from the guideline range:

[X] upon motion of the government, as a result of defendant's substantial assistance.

[ ] for the following specific reason(s):