

FILED
DISTRICT COURT OF GUAM
MAR 1 0 2005
MARY L.M. MORAN
CLERK OF COURT

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | | District | **GUAM** |
|---|---|---|---|

| Name (under which you were convicted): **JAMES MICHAEL TOPASNA FEJERAN** | Docket or Case No.: **CV-04-00054** |
|---|---|

| Place of Confinement: **Federal Prison Camp, P.O. Box 6000, Sheridan, Or.** | Prisoner No.: **01069-093** |
|---|---|

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. | **JAMES MICHAEL TOPASNA FEJERAN** |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

    **UNITED STATES DISTRICT COURT**
    **DISTRICT COURT OF GUAM**

    **HAGATNA, GUAM 96910**

    (b) Criminal docket or case number (if you know): **CR-95-00014**

2. (a) Date of the judgment of conviction (if you know): **January 15, 1998**

    (b) Date of sentencing: **JANUARY 15, 1998**

3. Length of sentence: **18 MONTHS**

4. Nature of crime (all counts): _____

    **21 U.S.C. § 952(a) — Importation of Methamphetamine**
    **21 U.S.C. § 960 — Importation of Methamphetamine**

5. (a) What was your plea? (Check one)

    (1) Not guilty ☐        (2) Guilty ☒XXX        (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

    **N/A**

6. If you went to trial, what kind of trial did you have? (Check one) **N/A** Jury ☐        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐   No **XXXX**

8. Did you appeal from the judgment of conviction?  Yes ☐   No **XXXX**

9. If you did appeal, answer the following:

   (a) Name of court: _____**N/A**_____

   (b) Docket or case number (if you know): _____

   (c) Result: _____

   (d) Date of result (if you know): _____

   (e) Citation to the case (if you know): _____

   (f) Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐   No ☐

   If "Yes," answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: _____

   _____

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

   (5) Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐   No **XXXX**

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____**N/A**_____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____ **N/A** _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____ **N/A** _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?          **N/A**

(1)  First petition:      Yes ❑   No ❑

(2)  Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____ **N/A** _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: __DEFENDANT IS CONVICTED OF AN OFFENSE WHICH IS NON-EXISTENT.__

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
SEE SUBPARAGRAPH 4(b) OF THE PLEA AGREEMENT IN THIS PROCEEDING ON FEBRUARY 17, 1995. A TRUE COPY OF PAGES 2 AND 3 OF THE PLEA AGREEMENT ARE ATTACHED HERETO. ALSO PLEASE SEE ATTACHMENT ON PAGE 15 OF THIS PETITION.

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒XXX

(2) If you did not raise this issue in your direct appeal, explain why: _____

THE RECENT RULING IN U.S. v. CABACCANG, 332 F.3d 622, WAS NOT AVAILABLE AT THE TIME.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒XXX

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ **N/A** _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____**N/A**_____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND TWO: _____**N/A**_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

**N/A**

(b) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____**N/A**_____

_____

_____

_____

_____

GROUND THREE: _____**N/A**_____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ❑   No ❑

  (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ❑   No ❑

  (2) If your answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed: _____

_____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____ **N/A** _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND FOUR: _____ **N/A** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ **N/A** _____

_____

(b) Direct Appeal of Ground Four:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑  No ❑

   (2) If you did not raise this issue in your direct appeal, explain why: _____

   _____

   _____

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑  No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   _____

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑  No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑  No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑  No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____ **N/A** _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____ **N/A** _____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?  Yes ☐  No ☒☒☒☒

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: _____ **N/A** _____

   (b) At arraignment and plea: __**ROBERT E. HARTSOCK, FEDERAL PUBLIC DEFENDER,**__
   __**DISTRICT OF GUAM, FIRST HAWAIIAN BANK BUILDING, 400 ROUTE 8, SUITE 310,**__
   (c) At trial: __**MONGMONG, GUAM  96927**_____

   (d) At sentencing: __**[SAME AS ABOVE]**_____

_____

(e) On appeal: _____ **N/A** _____

_____

(f) In any post-conviction proceeding: _____ **N/A** _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____ **N/A** _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❑ No **XXXX**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑ No **XXXX**

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____ **N/A** _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of of due diligence. Petitioner is a pro se litigant and was not aware of the ruling in the Ninth Circuit Court of Appeals in U.S. v. Cabaccang, 332 F.3d 622, until the Federal Public Defender's Office for the district of Guam informed him of the ruling via correspondence dated November 29, 2004. Please see attached letter from the Federal Public Defender's Office from Mr. Richard P. Arens.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _____
THE INDICTMENT DISMISSED AND CONVICTION VACATED BASED ON A CONVICTION
OF AN OFFENSE WHICH IS NON-EXISTENT. _____

or any other relief to which movant may be entitled.


_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on *Feb.*
*17, 2005* _____ (month, date, year).


Executed (signed) on *Feb, 17, 2005* _____ (date).


_____
Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____
_____
_____


### IN FORMA PAUPERIS DECLARATION
U.S. DISTRICT COURT OF GUAM
_____

[Insert appropriate court]
* * * * *
SEE PREVIOUSLY FILED APPLICATION TO PROCEED WITHOUT PAYMENT

OF FEES AND AFFIDAVIT; FILED ON DECEMBER 28, 2004, CV-04-00054

# ATTACHED PAGE

13.     The ground listed in 12A was not previously presented, because at the time of the entry of the judgment, and for more than 10 days thereafter, that is to say, until June 6, 2003, the ground listed in 12A was foreclosed by circuit law in that it was the settled law of this circuit that all the government need show for a finding of importation is that the controlled substance entered the United States from international waters or airspace. (*United States v. Cabaccang*, 332 F.3d 622, 634 (9th Cir. 2003)(en banc), *clarified*, 341 F.3d 905 (9th Cir. 2003).) On June 6, 2003 (*Cabaccang*, 332 F.3d at 622 ("Filed June 6, 2003")), the court of appeals for this circuit changed the law by overruling the foregoing law of this circuit and holding that the transport of a controlled substance through international airspace on a flight from one United States location to another United States location does not constitute the offense of importing a controlled substance into the United States from a place outside thereof. (*Cabaccang*, 332 F.3d at 635 ("we hold that the transport of drugs through international airspace on a nonstop flight from one United States location to another does not constitute importation within the meaning of [21 U.S.C.] § 952(a)").)

Office of the

# FEDERAL PUBLIC DEFENDER

### District of Guam

400 Route 8, Suite 501

Mongmong, Guam 96910

Richard P. Arens
Assistant Federal Public Defender

Telephone: (671) 472-7111
Facsimile: (671) 472-7120

November 29, 2004

James Michael Fejeran
Register No. 01069-093
FCI Sheridan
27072 Ballston Road
Sheridan, Oregon 97378-9601

Re: <u>Cabaccang Decision</u>

Dear James:

On June 6, 2003, the United States Court of Appeals for the Ninth Circuit ruled that the transit of drugs through international airspace en route from California to Guam did not constitute importation within the meaning of the statute prohibiting importation of drugs into the United States. (Attachment 1, Cabaccang decision). As a result of this decision, our office conducted a review of files to determine who among our former clients may be impacted by the ruling.

A review of your file indicates that you were convicted of importation of methamphetamine on January 9, 1998. (Attachment 2, Judgment). Your plea agreement stipulates that you arrived at the Guam International Airport aboard a flight from Los Angeles. (Attachment 3). Thus, based on the facts of your case, you may benefit from the Cabaccang decision.

Please be advised that our office may not formally represent you in this matter until appointed by the District Court of Guam. Nevertheless, we have forwarded certain documents and information to assist you in filing.

You will find enclosed a Model Form for Motions Under 28 U.S.C. § 2255. (Attachment 4, Motion to Vacate, Set aside, or Correct Sentence by a Person in Federal Custody). This motion will allow you to attack your federal judgment on the basis of the Cabaccang decision. In addition to the Model Form, you will find a copy of a completed form which has previously been filed in the District Court of Guam. (Attachment 5). Use the completed form as a reference.

You are advised to complete the Model Form as expeditiously as possible and forward it along with two copies to the District Court of Guam. You must file no later than January 1, 2005. When submitting the Model Form § 2255, ensure that you have signed the form where indicated and that the following documents and information are enclosed:



1. The attached page related to question thirteen (13);

2. Judgment; and

3. Plea Agreement

To assist you further, we have enclosed an instruction sheet for completing the § 2255 Motion. (Attachment 6). You are advised to thoroughly review the instructions. Please pay particular attention to instruction # 4. It reads as follows:

> If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed in forma pauperis, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

You will also find enclosed an Application to Proceed Without Prepayment of Fees and Affidavit. (Attachment 7). The document is self-explanatory and will assist you in securing the appointment of counsel.

Most importantly, if you have already filed a § 2255 Motion you must also file an Application for Leave to File Second or Successive § 2255 Motion. Ninth Circuit Rule 22-3 explains the process in detail. (Attachment 8). The Application to file a Second § 2255 Motion must be filed with the Ninth Circuit Court of Appeals. Enclosed, you will find a standard Application for Leave to File a Second Petition Under § 2255. (Attachment 9).

Please read the instructions thoroughly. You are required to file an original and five (5) copies of the application with the Ninth Circuit. When you file the Application you must enclose a copy of the second motion which you intend to file in the District Court. If this will be your second § 2255 motion, attach a copy of your application to the Ninth Circuit with all the documents you file in the District Court of Guam.

Should you have any concerns regarding this matter, feel free to contact us at the address or phone number listed above.

Sincerely,

RICHARD PARKER ARENS
Assistant Federal Public Defender
District of Guam

jfejeran.ple

FREDERICK A. BLACK
United States Attorney
JOHN N. GLANG
Assistant U.S. Attorney
Suite 502-A, Pacific News Bldg.
238 Archbishop Flores Street
Agana, Guam  96910
Telephone:   (671) 472-7332/7283
Telecopier:  (671) 472-7334

Attorneys for United States of America

F I L E D
DISTRICT COURT OF GUAM
AGANA, GUAM

FEB 17 1995

MARY L. M. MORAN
Clerk Of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 95-00014 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| JAMES MICHAEL TOPASNA FEJERAN, | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(e)(1)(B), the United States and the defendant, JAMES MICHAEL TOPASNA FEJERAN, enter into the following plea agreement:

1.  The defendant agrees to enter a guilty plea to an Indictment charging him with Importation of approximately 500.77 grams of crystal d-Methamphetamine, in violation of Title 21 U.S.C. § 952(a) and 960.

2.  The defendant understands that the <u>maximum</u> sentence for Importation of approximately 500.77 grams of crystal d-Methamphetamine is incarceration for life (with a mandatory minimum term of ten (10) years incarceration) and a $4,000,000

fine. Any sentence imposed shall include a term of supervised release of at least five (5) years in addition to such terms of imprisonment, as well as such restitution as the court may order and a $50 special assessment fee. The $50 special assessment fee must be paid at the time of sentencing.

The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level, even though the counts underlying this conduct may be dismissed.

4. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

a. The defendant was born on January 10, 1970 and is a citizen of the United States of America.

b. On January 28, 1995, the defendant arrived at the Guam International Airport aboard a Continental Airlines flight from Los Angeles, California via Honolulu. While the defendant was attempting to proceed through the Airport Customs area,

- 2 -

customs officers searched the defendant's baggage and later his person. Inside a soap box which was inside the defendant's baggage, officers located 1.81 grams of crystal d-Methamphetamine or "ice". Inside an address book which was the defendant was holding in his hand, officers located 4.25 grams of "ice". Inside several plastic bags which were strapped around the defendant's back underneath his shirt, officers located 494.71 grams of "ice". The total amount of "ice" seized from the defendant was therefore 500.77 grams.

5. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. His right to be represented by an attorney;

c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives,

- 3 -

1   that is, gives up, the right to a trial;

2       e.  That, upon entry of a plea of guilty, or thereafter,

3   the Court may ask his questions about the offenses to which he has

4   pled, under oath, and that if he answers these questions under

5   oath, on the record, his answers may later be used against him in

6   prosecution for perjury or false statement if an answer is untrue;

7       f.  That he agrees that the plea agreement is voluntary

8   and not a result of any force, threats or promises apart from this

9   plea agreement;

10      g.  That, if necessary, he has had this agreement

11  translated for him into his native language, and he fully

12  understands it.

13      h.  The defendant is satisfied with the representation

14  of his lawyer and feels that his lawyer has done everything

15  possible for his defense.

16

17  DATED:  2/17/95                    _____
                                       JAMES MICHAEL TOPASNA FEJERAN
18                                     Defendant

19
    DATED:  2/17/95                    _____
20                                     ROBERT E. HARTSOCK, ESQ.
                                       Attorney for Defendant
21
                                       FREDERICK A. BLACK
22                                     United States Attorney
                                       District of Guam
23
24  DATED:  2/17/95                    _____
                                       JOHN N. GLANG
25                                     Assistant U.S. Attorney

26

                              - 4 -

# United States District Court

## DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA
v.

JAMES MICHAEL TOPASNA FEJERAN

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number: 1:95CR00014-001

ROBERT E. HARTSOCK
Defendant's Attorney

**FILED**

DISTRICT COURT OF GUAM

JAN - 5 1998

MARY L. M. MORAN
CLERK OF COURT

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  I

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. ' 952 (a) | IMPORTATION OF METHAMPHETAMINE | 01/28/1995 | I |
| 21 U.S.C. ' 960 | IMPORTATION OF METHAMPHETAMINE | 01/28/1995 | I |

The defendant is sentenced as provided in pages 2 through  6  of this judgment.  The sentence is imposed pursuant the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of y change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this lgment are fully paid.

endant's Soc. Sec. No.: **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**

endant's Date of Birth: **01/10/1970**

endant's USM No.: **01069-093**

endant's Residence Address:

CARBULLIDO STREET

AT                                GU

ndant's Mailing Address:

CARBULLIDO STREET

.T                                GU

**01/05/1998**
Date of Imposition of Judgment

Signature of Judicial Officer

JOHN S. UNPINGCO
U.S. DISTRICT COURT
Name & Title of Judicial Officer

JAN 04 1998

Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of    18    month(s)

DEFENDANT IS TO RECEIVE CREDIT FOR TIME SERVED - 79 DAYS.

☐ The court makes the following recommendations to the Bureau of Prisons:

DEFENDANT IS TO PARTICIPATE IN A COMPREHENSIVE DRUG TREATMENT PROGRAM APPROVED BY THE BUREAU OF PRISONS.

IT IS HIGHLY RECOMMENDED THAT THE DEFENDANT BE INCARCERATED AT A FACILITY IN LOMPOC, CALIFORNIA.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m.  on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT:    JAMES MICHAEL PASNA FEJERAN

CASE NUMBER:    1:95CR00014-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    5    year(s)

DEFENDANT SHALL PERFORM 200 HOURS OF COMMUNITY SERVICE AT THE DIRECTION OF THE U.S. PROBATION OFFICE.

DEFENDANT SHALL SEEK AND MAINTAIN GAINFUL EMPLOYMENT AND SUPPORT HIS DEPENDANTS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

the defendant shall not leave the judicial district without the permission of the court or probation officer;

the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

the defendant shall support his or her dependents and meet other family responsibilities;

the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

the defendant shall notify the probation officer ten days prior to any change in residence or employment;

the defendant shall refrain from excessive use of alcohol;

the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 50.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ ____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until ____ ____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

_____

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

| | Totals: | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ in full immediately; or

B ☐ $ _____ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

— The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:     15

Criminal History Category:     1

Imprisonment Range:     18 TO 24 MONTHS

Supervised Release Range:     THREE TO FIVE YEARS

Fine Range: $ ___15,000.00___ to $ __4,000,000.00__

    ☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

  ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

  ☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

  ☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☒ The sentence departs from the guideline range:

  ☒ upon motion of the government, as a result of defendant's substantial assistance.

  ☐ for the following specific reason(s):