FILED
DISTRICT COURT OF GUAM
JUL 13 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| JAMES M.T. FEJERAN,<br><br>Defendant-Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent. | Criminal Case No. 95-00014<br>Civil Case No. 04-00054<br><br>**ORDER** DENYING MOTION<br>TO VACATE, SET ASIDE, OR<br>CORRECT SENTENCE<br>[28 U.S.C. § 2255] |

Petitioner James M.T. Fejeran ("Petitioner") filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Petitioner claims that in light of the Ninth Circuit's decision in *United States v. Cabaccang*, 332 F. 3d 622, *clarified by* 341 F.3d 905 (9th Cir. 2003) (en banc), his conviction is invalid. After careful consideration of the matter, the Court finds no basis for the relief as requested and DENIES Petitioner's motion.

I. BACKGROUND

On February 17, 1995, Petitioner pled guilty to one count of Importation of Crystal Methamphetamine (approximately 500.77 grams), in violation of 21 U.S.C. § 952(a). At the time of his plea, Petitioner stipulated to facts contained in his plea agreement that:

> On January 28, 1995, the defendant arrived at the Guam International Airport aboard a Continental Airlines flight from Los Angeles, California via Honolulu. While the defendant was attempting to proceed through the Airport Customs area, customs officers searched the defendant's baggage and later his person. Inside a soap box which was inside the defendant's baggage, officers located 1.81 grams of crystal d-Methamphetamine or 'ice'. Inside an address book which was [sic] the defendant was holding in his hand, officers located 4.25 grams of 'ice'. Inside several plastic bags which were strapped around the defendant's back underneath his shirt, officers

> located 494.71 grams of 'ice'. The total amount of 'ice' seized from the defendant was therefore 500.77 grams.

Plea Agreement at ¶ 4(b).

On January 5, 1998, the Court sentenced Petitioner to eighteen (18) months imprisonment. The judgment of conviction was entered on the docket on January 9, 1998. Petitioner did not file a notice of appeal within ten (10) days after entry of the Court's judgment. His conviction became final on January 19, 1998. *See* FED. R. APP. P. 4(b); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2000) (holding a conviction is final if a notice of appeal is not filed within ten (10) days). Subsequently, the defendant violated the conditions of supervised release three times and was reincarcerated for the same on each occasion. On December 28, 2004, Petitioner, *pro se* and incarcerated, brought this Motion pursuant to 28 U.S.C. § 2255,[1] requesting the Court to vacate his conviction and sentence.[2]

## II. PETITIONER'S MOTION IS UNTIMELY

Petitioner seeks relief asserting there has been a "change in the law" regarding what constitutes importation under 21 U.S.C. § 952(a). Specifically, Petitioner claims that the Ninth Circuit's *Cabaccang* decision invalidates his conviction. *See Cabaccang*, 332 F.3d 622 (transportation of a controlled substance through international airspace on a nonstop flight from one United States location to another (including U.S. territories) does not constitute importation as prohibited by 21 U.S.C. § 952(a)). Petitioner argues that he now stands convicted of an offense which is "non-existent" in light of that decision.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a strict one-year limitation on when a prisoner may bring a motion to vacate, set aside, or correct his sentence under that section. 28 U.S.C. § 2255, ¶ 6. The one-year period runs from "the latest" of the events enumerated as follows:

> (1) the date on which the judgment of conviction becomes final;

---

[1] On March 10, 2005 Petitioner filed a second motion to conform with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255. *See* Docket No. 92.

[2] The defendant also filed an Application to Proceed without Prepayment of Fees and requested an Appointment of Counsel. *See* Docket Nos. 90 and 91. As the Court is disposing of the case on its merits, these requests are DENIED AS MOOT.

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Here, Petitioner initially filed this motion on December 28, 2004. Thus, for the motion to be timely, Petitioner must show that one of the four events listed in paragraph six occurred on or after December 28, 2003. The first subsection of paragraph six does not apply because Petitioner's judgment of conviction became final on January 19, 1998, approximately seven years before Petitioner filed the motion. The second subsection does not apply because nothing in Petitioner's motion suggests the removal of any governmental action that was previously impeding him from bringing the motion. The third subsection does not apply because *Cabaccang* is not a Supreme Court decision recognizing a new constitutional right. The fourth subsection does not apply because Petitioner's claim is not supported by newly discovered facts. As none of the four events listed in paragraph six of § 2255 occurred within one year of Petitioner's motion, the motion is not timely.[3]

Moreover, even if the Court were to assume *arguendo* that the *Cabaccang* decision triggers a new one-year period in which to file a motion, Petitioner failed to bring his claim within one year of that decision. *Cabaccang* was issued on June 6, 2003 and the Petitioner filed his § 2255 petition on December 28, 2004, approximately one and a half years later. Accordingly, Petitioner's motion would still be untimely.

---

[3] If Congress had wanted to permit decisions like *Cabaccang* to trigger a new one-year period, Congress simply could have included an additional subsection to paragraph six of § 2255, explicitly stating that the one-year period should begin to run on the date on which the Supreme Court or any circuit court initially announced a more narrow construction of the federal statute under which the petitioner is convicted. But paragraph six contains no such provision.

## III. DISPOSITION

For the reasons stated above, the Court DENIES Petitioner's motion.

IT IS SO ORDERED.

DATED: July 7, 2005

*David O. Carter*
DAVID O. CARTER[*]
United States District Judge

Notice is hereby given that this document was entered on the docket on July 13, 2005. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: *Marly B Alcon*  7-13-05
Deputy Clerk    Date

---

[*] The Honorable David O. Carter, United States District Judge for the Central District of California, by designation.